Melissa N. Eubanks (SBN 274491)
  meubanks@vgcllp.com
**VGC, LLP**
9461 Charleville Blvd. #757
Beverly Hills, California 90212
Telephone: (424) 272-9855

*Attorneys for Plaintiff*
NATALS, INC. d/b/a RITUAL

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATALS, INC. d/b/a RITUAL,<br><br>                Plaintiff,<br><br>        v.<br><br>INNERCAP TECHNOLOGIES, INC.,<br><br>                Defendant. | Case No. 2:26-CV-5696<br><br><br>**COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 7,670,612**<br><br>**JURY TRIAL DEMANDED** |

COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Natals, Inc. d/b/a Ritual (**"Ritual"**), for its Complaint for Declaratory Judgment of Non-Infringement against Defendant InnerCap Technologies, Inc. (**"InnerCap"**), alleges as follows:

### NATURE OF THE ACTION

1.      This is an action for declaratory judgment of non-infringement of U.S. Patent No. 7,670,612 (the **"'612 Patent"**). Ritual seeks a declaration that its multi-capsule dietary supplement products—including but not limited to Ritual Essential Prenatal Multivitamins, Ritual Essential Postnatal Multivitamins, and Ritual Synbiotic+ (collectively, the **"Ritual Multi-Capsule Products"**)—do not infringe any valid and enforceable claim of the '612 Patent, literally or under the doctrine of equivalents.

2.      Ritual brings this action because InnerCap has initiated a coordinated campaign of patent infringement litigation directed at the Ritual Multi-Capsule Products by suing Ritual's major retail customers. On April 27, 2026, InnerCap filed suit against Walmart Inc. in the United States District Court for the District of Delaware, *InnerCap Technologies, Inc. v. Walmart Inc.*, C.A. No. 26-cv-00488-JLH (the **"Walmart Action"**), accusing Walmart's sale of the Ritual Multi-Capsule Products of infringing the '612 Patent. Two days later, on April 29, 2026, InnerCap filed suit against Target Corporation in the United States District Court for the District of Minnesota, *InnerCap Technologies, Inc. v. Target Corporation*, No. 26-cv-02427-NEB-DTS (the **"Target Action"**), accusing Target's sale of the same Ritual Multi-Capsule Products of infringing the same patent.

3.      InnerCap has not named Ritual as a defendant in either action. Instead, InnerCap has chosen to pursue Ritual's customers, who depend on Ritual for technical knowledge and defense with respect to the Ritual Multi-Capsule Products. As the manufacturer of the accused products, Ritual is the real party in interest in defending its products against InnerCap's infringement allegations.

4.      InnerCap's infringement allegations are baseless. The Ritual Multi-Capsule Products do not infringe the '612 Patent because they do not include one or more elements required by each asserted claim of the '612 Patent. Specifically, the asserted claims require both (a) a first receiving chamber comprising an oil ingredient "in immediate release form" (the **"Immediate Release Limitation"**) and (b) a second receiving chamber comprising solid ingredients "formulated in a manner allowing for a time-delayed dissolution and release" (the **"Delayed Release Limitation"**). The Ritual Multi-Capsule Products do not include one or both of these limitations, either literally or under the doctrine of equivalents.

COMPLAINT FOR DECLARATORY JUDGMENT

5.     InnerCap is further estopped from asserting that the Ritual Multi-Capsule Products infringe under the doctrine of equivalents because InnerCap added both the Immediate Release Limitation and the Delayed Release Limitation to its claims during prosecution to overcome a prior art rejection and made clear assertions to the U.S. Patent and Trademark Office that those limitations differentiated the claimed invention from the prior art. InnerCap surrendered the very claim scope it now seeks to recapture against the Ritual Multi-Capsule Products.

6.     Ritual brings this action to obtain a prompt and definitive judicial determination of non-infringement that will protect Ritual's legitimate business interests, end the cloud of uncertainty over the Ritual Multi-Capsule Products, and avoid the inefficient, duplicative, and potentially inconsistent litigation of identical infringement issues in two different district courts to which Ritual is not a party.

## THE PARTIES

7.     Natals, Inc., d/b/a Ritual, is a Delaware corporation with its principal place of business at 1370 N. St. Andrews Pl., Los Angeles, California 90028. Ritual designs, formulates, manufactures, markets, and sells dietary supplement products, including the Ritual Multi-Capsule Products.

8.     On information and belief, InnerCap Technologies, Inc. is a Florida corporation with its principal place of business at 9216 Palm River Road, Suite 203, Tampa, Florida 33619. On further information and belief, InnerCap is the owner by assignment of the '612 Patent.

## JURISDICTION AND VENUE

9.     This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action involves claims arising under the patent laws of the United States, 35 U.S.C. § 1, *et seq.,* and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

10.     An actual, substantial, and continuing case or controversy of sufficient immediacy and reality exists between Ritual and InnerCap concerning whether the Ritual Multi-Capsule Products infringe the '612 Patent. Among other things:

a.     InnerCap, through its counsel, sent a letter to Ritual on December 14, 2025 expressly accusing Ritual's Synbiotic+, HyaCera, and Essential for Women Prenatal and Postnatal Multivitamin products of infringing the '612 Patent and demanding that Ritual cease its allegedly infringing conduct.

2
COMPLAINT FOR DECLARATORY JUDGMENT

b.      Ritual, through its counsel, responded on January 20, 2026, explaining in detail why the Ritual Multi-Capsule Products do not infringe the '612 Patent, either literally or under the doctrine of equivalents.

c.      Notwithstanding Ritual's response, InnerCap filed the Walmart Action and the Target Action alleging that the Ritual Multi-Capsule Products infringe the '612 Patent.

d.      InnerCap's litigation campaign places Ritual's products, its retail relationships, and its business interests in immediate jeopardy.

11.    Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c). Ritual's principal place of business is in this District, a substantial part of the events giving rise to this action occurred in this District, and Ritual's design, formulation, marketing, and sale of the Ritual Multi-Capsule Products occurs from and is directed from Ritual's principal place of business in this District.

12.    This Court has personal jurisdiction over InnerCap. InnerCap has purposefully directed its patent enforcement activities at Ritual in this District by, among other things, sending Ritual a pre-suit cease-and-desist letter directed to Ritual's products and operations centered in this District; by initiating litigation against Ritual's retail customers concerning the Ritual Multi-Capsule Products that Ritual manufactures, designs, and markets from this District; and by causing economic harm to Ritual in this District through its assertions against the Ritual Multi-Capsule Products.

## BACKGROUND

### A.  The '612 Patent and Its Prosecution History

13.    On March 2, 2010, the United States Patent and Trademark Office issued the '612 Patent, entitled "Multi-Phase, Multi-Compartment Capsular Delivery Apparatus and Methods for Using the Same." The '612 Patent claims priority to a PCT application filed on April 9, 2003.

14.    On information and belief, InnerCap is the owner by assignment of the '612 Patent and purports to hold the right to enforce the '612 Patent.

15.    Each independent claim of the '612 Patent requires both the Immediate Release Limitation and the Delayed Release Limitation. See, e.g., '612 Patent claims 1, 30, 33, 71, 73, and 94.

16.    The Immediate Release Limitation and the Delayed Release Limitation were not part of the claims as originally filed. The applicant for the '612 Patent added both limitations to the claims during

3

COMPLAINT FOR DECLARATORY JUDGMENT

prosecution to overcome a prior art rejection.

17.    Specifically, on August 13, 2008, the Examiner rejected the pending claims as obvious over a reference identified as "Nowak" in combination with at least a reference identified as "Zimmer."

18.    In response to that rejection, on February 17, 2009, the applicant amended the independent claims to add the Immediate Release Limitation and the Delayed Release Limitation, and argued to the Examiner that those limitations differentiated the claimed invention from the Nowak and Zimmer references. The applicant told the Examiner, in relevant part:

> "In any event, the independent claims in the application have been amended to call for, inter alia, a multi-compartment capsule having a first receiving chamber comprising at least one ingredient **in a liquid** state **in immediate release form**, and a second receiving chamber comprising at least one ingredient **in a solid** state, **formulated in a manner allowing for a time-delayed dissolution and release of said solid ingredient**. … It is respectfully submitted that the combination of Nowak and Zimmer do not suggest a compartment having an ingredient in liquid state in immediate release form, and a separate compartment containing an ingredient in solid form which is provided which allows for a time-delayed dissolution and release of the same."

19.    The Examiner subsequently withdrew the rejection over Nowak and Zimmer, and allowed the pending claims. The U.S. Patent and Trademark Office thereafter issued the '612 Patent.

20.    The Immediate Release Limitation and the Delayed Release Limitation are therefore essential limitations of the '612 Patent claims and define the boundary of the claimed invention as distinguished from the prior art.

**B.   The Ritual Multi-Capsule Products**

21.    Ritual was founded in 2012 with a mission to design science-backed, traceable dietary supplements. Ritual designs, formulates, and markets a portfolio of products that includes multivitamin and biotic products in capsule-in-capsule configurations. The Ritual Multi-Capsule Products include the Ritual Essential Prenatal Multivitamin, Ritual Essential Postnatal Multivitamin, and Ritual Synbiotic+.

22.    The Ritual Multi-Capsule Products are marketed and sold through, among other channels, Ritual's direct-to-consumer website and through retail customers including Walmart and Target.

23.    The Ritual Multi-Capsule Products are formulated with a delayed-release outer capsule designed to delay dissolution and release of the capsule's contents until after the capsule has passed the

COMPLAINT FOR DECLARATORY JUDGMENT

stomach. The product page for the Ritual Essential Prenatal Multivitamin describes the product's "delayed-release capsules" that are "designed to dissolve later in the small intestine."

24.     The Ritual Multi-Capsule Products are not formulated such that the contents of the outer capsule are released immediately upon ingestion. To the contrary, the outer capsule of each Ritual Multi-Capsule Product is designed to be stomach acid-resistant and to delay release of its contents.

25.     The inner capsule of each Ritual Multi-Capsule Product is not separately formulated for time-delayed dissolution and release relative to the outer capsule. Once the outer capsule's delayed-release mechanism has released the inner capsule, the inner capsule's contents are released without any additional time-delay mechanism applied to the inner capsule itself.

26.     Ritual's HyaCera product is an immediate-release single-capsule product. It does not include any component formulated in a manner allowing for time-delayed dissolution and release of any active ingredient.

## COUNT I

### Declaratory Judgment of Non-Infringement of the '612 Patent

27.     Ritual incorporates by reference each of the foregoing paragraphs as though fully set forth herein.

28.     An actual, substantial, and continuing controversy of sufficient immediacy and reality exists between Ritual and InnerCap concerning whether the Ritual Multi-Capsule Products infringe any valid and enforceable claim of the '612 Patent.

### A. No Literal Infringement

29.     The Ritual Multi-Capsule Products do not literally infringe any claim of the '612 Patent because they do not include one or both of the Immediate Release Limitation and the Delayed Release Limitation.

30.     The Ritual Essential Prenatal Multivitamin, the Ritual Essential Postnatal Multivitamin, and the Ritual Synbiotic+ each include a delayed-release outer capsule that contains a liquid (oil-based) ingredient and an inner capsule that contains solid ingredients. The release of the contents of the outer capsule is delayed, not immediate. The Ritual Multi-Capsule Products therefore do not include a "first receiving chamber" comprising an oil ingredient "in immediate release form" as required by the

COMPLAINT FOR DECLARATORY JUDGMENT

Immediate Release Limitation.

31.    The inner capsule of each Ritual Multi-Capsule Product is not separately formulated for time-delayed dissolution and release. The Ritual Multi-Capsule Products therefore do not include a "second receiving chamber" containing solid ingredients "formulated in a manner allowing for a time-delayed dissolution and release" as required by the Delayed Release Limitation, and do not include any "means for allowing for a time-delayed dissolution and release" of solid active ingredient.

32.    Because each independent claim of the '612 Patent requires both the Immediate Release Limitation and the Delayed Release Limitation, and because the Ritual Multi-Capsule Products do not satisfy one or both of those limitations, the Ritual Multi-Capsule Products do not literally infringe any claim of the '612 Patent.

**B.  <u>No Infringement Under the Doctrine of Equivalents</u>**

33.    The Ritual Multi-Capsule Products do not infringe the claims of the '612 Patent under the doctrine of equivalents for at least the reasons set forth below.

34.    First, InnerCap is estopped from asserting infringement of the Immediate Release Limitation and the Delayed Release Limitation under the doctrine of equivalents by amendment-based prosecution history estoppel. Prosecution history estoppel "prevent[s] a patentee from using the doctrine of equivalents to recapture subject matter surrendered from the literal scope of a claim during prosecution." *Trading Techs. Int'l, Inc. v. Open E Cry, LLC*, 728 F.3d 1309, 1322 (Fed. Cir. 2013).

35.    As set forth above, InnerCap amended the claims of the '612 Patent during prosecution to add the Immediate Release Limitation and the Delayed Release Limitation to overcome a prior art rejection. The Supreme Court has recognized that a patentee's decision to narrow claims through amendment "*may be presumed* to be a general disclaimer of the territory between the original claim and the amended claim." *Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*, 535 U.S. 722, 740 (2002).

36.    InnerCap is presumed to have surrendered the territory between the original claims and the amended claims, including products like the Ritual Multi-Capsule Products that have a delayed-release outer capsule and a non-delayed-release inner capsule. InnerCap has no basis to rebut the *Festo* presumption because the alleged equivalent was not unforeseeable at the time of the amendment, the amendment bore a direct, not tangential, relationship to the alleged equivalent, and InnerCap has no other

COMPLAINT FOR DECLARATORY JUDGMENT

reason that the presumption should not apply.

37.    Second, InnerCap is also estopped from asserting infringement of those limitations under the doctrine of equivalents by argument-based prosecution history estoppel. "[C]lear assertions made during prosecution in support of patentability, whether or not actually required to secure allowance of the claim, may also create an estoppel . . . because [t]he relevant inquiry is whether a competitor would reasonably believe that the applicant had surrendered the relevant subject matter." *PODS, Inc. v. Porta Stor, Inc.*, 484 F.3d 1359, 1368 (Fed. Cir. 2007).

38.    During prosecution of the '612 Patent, InnerCap (through the applicant) made clear assertions to the U.S. Patent and Trademark Office that the Immediate Release Limitation and the Delayed Release Limitation differentiated the pending claims from the prior art combination of Nowak and Zimmer. Any reasonable competitor reviewing the prosecution history would reasonably believe that InnerCap surrendered outer capsules that were delayed-release (as opposed to immediate-release) and inner capsules that were not delayed-release (as opposed to delayed-release inner capsules). InnerCap surrendered the relevant claim scope and is estopped from recapturing it under the doctrine of equivalents.

39.    Third, even setting prosecution history estoppel aside, the Ritual Multi-Capsule Products do not infringe the claims of the '612 Patent under the doctrine of equivalents because they have substantial differences from the claimed capsules. The Ritual Multi-Capsule Products do not perform substantially the same function, in substantially the same way, to achieve substantially the same result, as the claimed invention. The Ritual Multi-Capsule Products are designed to delay release of all contents until after the capsule has passed the stomach—which is structurally and functionally different from the claimed two-stage release in which an oil ingredient is released immediately and a solid ingredient is released on a delay claimed in the '612 Patent.

C. **Declaration Sought**

40.    A judicial declaration is necessary and appropriate to resolve the actual case and controversy between Ritual and InnerCap concerning whether the Ritual Multi-Capsule Products infringe the '612 Patent and to protect Ritual's legitimate business interests in the design, manufacture, marketing, and sale of the Ritual Multi-Capsule Products.

41.    Ritual seeks a declaration that the Ritual Multi-Capsule Products do not infringe any claim

7

COMPLAINT FOR DECLARATORY JUDGMENT

of the '612 Patent, either literally or under the doctrine of equivalents.

**PRAYER FOR RELIEF**

WHEREFORE, Ritual respectfully requests that this Court enter judgment in its favor and against InnerCap as follows:

A.   Declaring that the Ritual Multi-Capsule Products, including the Ritual Essential Prenatal Multivitamin, the Ritual Essential Postnatal Multivitamin, and the Ritual Synbiotic+, do not infringe any claim of U.S. Patent No. 7,670,612, either literally or under the doctrine of equivalents;

B.   Declaring that InnerCap is estopped by the prosecution history of the '612 Patent from asserting that the Ritual Multi-Capsule Products infringe the '612 Patent under the doctrine of equivalents;

C.   Enjoining InnerCap and its officers, agents, employees, attorneys, and all persons in active concert or participation with them from asserting or threatening to assert claims of infringement of the '612 Patent against Ritual, the Ritual Multi-Capsule Products, or any customer, distributor, retailer, or end user of the Ritual Multi-Capsule Products;

D.   Declaring this case exceptional under 35 U.S.C. § 285 and awarding Ritual its reasonable attorneys' fees, costs, and expenses incurred in this action;

E.   Awarding Ritual its costs of suit; and

F.   Awarding Ritual such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Ritual demands a trial by jury on all issues so triable.

Dated:  May 27, 2026

**VGC, LLP**

By: _____
Melissa Eubanks
*Attorneys for Plaintiff*
NATALS, INC. d/b/a RITUAL

8

COMPLAINT FOR DECLARATORY JUDGMENT